

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID GONZALES LARA,

        Petitioner-Appellant,

v.

CHARLES CALLAHAN,

        Respondent-Appellee.

No.   18-56680

D.C. No.
5:17-cv-01286-AG-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted November 16, 2020[**]
Pasadena, California

Before: RAWLINSON and HUNSAKER, Circuit Judges, and ENGLAND,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

David Gonzales Lara (Lara) appeals the denial of his habeas petition, in which he argued that the California appellate court[1] erred in holding that the admission at trial of two jailhouse calls made by his brother James Lara (James), a non-testifying co-defendant, did not violate the Confrontation Clause. We affirm.

Our review of a district court's order denying an application for habeas relief is *de novo*. *See Castellanos v. Small*, 766 F.3d 1137, 1145 (9th Cir. 2014). The deference required by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), however, limits this Court's review. *See id.* Under the AEDPA, habeas relief is warranted only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Sixth Amendment Confrontation Clause covers only "testimonial

---

[1] When, as here, a state supreme court summarily denies discretionary review, we "'look through' that unexplained decision to the last state court to have provided a 'reasoned' decision." *Castellanos v. Small*, 766 F.3d 1137, 1145 (9th Cir. 2014). In this case, the parties agree that the California appellate court provided the last reasoned decision.

codefendant statements." *Lucero v. Holland*, 902 F.3d 979, 988 (9th Cir. 2018).

In *Crawford v. Washington*, 541 U.S. 36 (2004), the United States Supreme Court did not define "testimonial," but outlined a "core class of testimonial statements." *Lucero,* 902 F.3d at 988–89. Pertinent here are those "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id.* at 989 (citation omitted).

The Supreme Court further elucidated the borders of testimonial evidence through application of the "primary purpose" test. *Id.* (citing *Ohio v. Clark*, 576 U.S. 237, 244 (2015)). Specifically, "a statement cannot fall within the Confrontation Clause unless its primary purpose was testimonial." *Ohio*, 576 U.S. at 245. The central question under that test "is whether, in light of all the circumstances, viewed objectively, the 'primary purpose' of the conversation was to 'create an out-of-court substitute for trial testimony.'" *Id.* (citation and alteration omitted).

The California appellate court's conclusion that James's statements were not testimonial was not "objectively unreasonable." *Cook v. Kernan*, 948 F.3d 952, 965 (9th Cir. 2020) (citation omitted). *Crawford* drew a distinction between "[a]n accuser who makes a formal statement to government officers" and "a person who

makes a casual remark to an acquaintance." *Delgadillo v. Woodford*, 527 F.3d 919, 927 (9th Cir. 2008) (quoting *Crawford*, 541 U.S. at 51). The former bears testimony; the latter does not. *See id.*

James' statements were made during telephone conversations with his mother and with an acquaintance, unprompted by police. The conversations were casual and for purposes other than providing testimony. More specifically, the call between James and his mother was primarily to discuss Lara's mental health and address the mother's accusations that James was leading Lara down the wrong path. James openly implicated himself as a participant in the event at issue, making it unlikely that he anticipated the statements would be introduced at trial. Similarly, the conversation with the friend was primarily about summarizing the charges against both brothers, and James again incriminated himself in the process.

Finally, any error by the California appellate court was harmless. *See United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005) (citation omitted) ("Confrontation Clause violations are also subject to harmless error analysis."). As the California appellate court explained, the victim identified Lara at trial and testified that James was Lara's aider and abettor, which James admitted in both calls. *See People v. Lara,* No. G048951, 2016 WL 7439031, at *4 (Cal. Ct. App.

4

Dec. 27, 2016). This overwhelming evidence of guilt negated any prejudice to Lara from admission of the challenged evidence. *See Allen*, 425 F.3d at 1235.

**AFFIRMED.**